Judge Marshall
delivered the Opinion of the Court.
This was an action of assumpsit to recover back from the administrator, with the will annexed, of Joseph Walker, the amount of usury alleged to have been paid to the Testator, in his life time, upon a loan of Bank notes.
The declaration alleged, in substance, that the plaintiff had borrowed from Walker two hundred dollars, in notes of the Bank of the Commonwealth of Kentucky, then greatly depreciated, to be repaid in an equal number of dollars; for the payment of which sum, in six months, with interest from the date, he executed his note to Walker, with Samuel Hahn as his security; and that additional interest, making in all ten per cent, upon the amount of the note, was secured by other notes executed with the same security. That some time after the notes became due, he fully discharged and paid the whole amount thereof, viz: two hundred and forty three dollars, of which one hundred and thirtyfive dollars is alleged to be usurious. “Whereby, and by force of the statute, &c. action hath accrued to the plaintiff against the defendant, for the said sum of one hundred' and thirtyfive dollars, with interest thereon — whereof the defendant had notice, &c. And the said Testator, in his life time, and the defendant, since his death, promised and assumed upon themselves, to pay the said sum of one hundred and thirty-five dollars and interest— nevertheless, &c.
A trial was had upon the general issue, and a plea of the statute of limitation, and it appeared, upon the plaintiff’s evidence, that the payment was made to Walker, not by the plaintiff, but' by Samuel Hahn, the 'security,— *184 and in the following manner, viz: one hundred dollar? in a note of that denomination, upon the Bank of the United States, and the residue (f 143) in good notes on individuals, due, and bearing interest, and which were received at a discount of ten per cent, for which payment Samuel Hahn, being the witness, stated he had been reimbursed by the plaintiff. Whereupon, the Court at the instance of the defendant, excluded the evidence from the jury, and instructed them to find as in case of a nonsuit; which was accordingly done; and the plaintiff has brought the cause before this Court, for revision.
The facts, both as they are stated in the declaration and as they appear in the evidence, make out a case of usury; but there is, in our opinion, a material variance between the allegations and the proof. Admitting that the receipt by Walker, of the U. S. Bank note and the assigned notes of individuals, in discharge of the notes executed to him by the Hahns, might be proper to support the general allegation of payment made, in the declaration, and" that the law would imply from such a payment, the liability to pay back the nominal usury in money (points which w.e do not now mean to decide,) still the liability and cause of action would accrue to the obligor who had made the payment, according to the terms of his undertaking, and not to the co-obligor, though he be the principal, unless the payment were made at the request of the latter, and substantially as his agent. The subsequent reimbursement of the security by the principal, may entitle him to receive the amount to be refunded by the usurer, but cannot transfer to him the right of suing for it at law, in his own name. Suppose he had never reimbursed the security, could he have sued to recover back the usury, paid by the security? We think not.
The evidence in this case, does not authorize the inference that Samuel Hahn discharged the debt to Walker, as the agent of the plaintiff, with his property, at his request, or for his exclusive benefit; but the contrary is rather to be inferred from the facts. We are of opinion, therefore, that the cause of action did not ac *185 crue to the plaintiff; but either to Samuel Hahn, who made the payment, or possibly to both of the obligors if the payment was made for the benefit of both; and that the proof did not support the declaration. Wherefore the Circuit Court did not err in instructing the jury as in case of a nonsuit, and the judgment is affirmed.